**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**PATRICIA STONE**                                                                                                **PLAINTIFF**

**v.**                                                  **No. 4:16-CV-0083-BRW-BD**

**CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration**                                                       **DEFENDANT**

## RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### REASONING FOR RECOMMENDED DISPOSITION

Patricia Stone applied for social security disability benefits alleging an onset date of March 1, 2013. (R. at 58). The administrative law judge (ALJ) denied Ms. Stone's applications after a hearing. (R. at 25). Ms. Stone requested review by the Appeals Council and was denied. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Ms. Stone has requested judicial review.

**I.    The Commissioner's Decision**

The ALJ found that Ms. Stone had the following severe impairments: degenerative disk disease of the cervical spine status post-fusion surgery, major

depressive disorder, and anxiety disorder. (R. at 15). The ALJ further found that these impairments left Ms. Stone with the residual functional capacity (RFC) to lift and carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk in intervals of 20 minutes for two hours in an eight-hour workday; sit in intervals of 20 to 30 minutes for six hours in an eight-hour workday; push and/or pull 10 pounds occasionally and less than 10 pounds frequently; occasionally stoop, crouch, climb, and balance with the assistance of a cane; occasionally handle and finger objects; understand, remember, and carry out simple job instructions; make simple work-related judgments; respond appropriately to co-workers/supervisors with occasional incidental contact that is not necessary to perform the work; respond appropriately to minor changes in usual work routine; and avoid dealing with the public. (R. at 18). The RFC precluded all of her past relevant work. (R. at 24). After taking testimony from a vocational expert, the ALJ found that Ms. Stone could perform the job of surveillance system monitor. (R. at 24–25). The ALJ, therefore, held that Ms. Stone was not disabled. (R. at 25).

## II.    Discussion

Ms. Stone argues that the ALJ failed to identify sufficient jobs to carry the burden of proving that she could perform a significant number of jobs in the national economy. She also contends that she could not perform the job of surveillance system monitor because the position has changed significantly since the last publishing of the Dictionary of Occupational Titles in 1991; that a job with a Reasoning Level of 3 exceeds her mental RFC; that the RFC is internally inconsistent and illogical; and that the ALJ failed to

2

account in the RFC for limitations in the range-of-motion in her neck.  Because the ALJ failed to properly account for limitations in Ms. Stone's cervical range of motion, it is unnecessary to reach her other arguments.

The Court's task is to determine whether substantial evidence supports the Commissioner's findings.  *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).  Substantial evidence is less than a preponderance, but more than a mere scintilla; it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted).  In performing this analysis, the Court will not only look to evidence supporting the Commissioner's findings, but also evidence that detracts from the decision.  *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015).

The ALJ identified Ms. Stone's degenerative disk disease of the cervical spine as a severe impairment.  (R. at 15).  The ALJ questioned Ms. Stone about her neck pain at the hearing.  (R. at 40, 42, 46–47).  And medical records confirm that she had a limited range of motion in her cervical spine.  (R. at 441, 447, 839).  The ALJ acknowledged various indicators of neck pain in considering the medical evidence.  (R. at 20).

Ms. Stone's allegations of neck pain were uncontradicted.  When the ALJ added a limitation to the hypothetical posed to the VE that the person was restricted in her ability to look down or up for extended periods, the VE testified that such an individual could not perform the duties of a surveillance system monitor.  (R. at 51, 54).  The Commissioner contends that the limitation to sedentary work accounts for the limitations

3

on Ms. Stone's neck range of motion, but his conclusion is unconvincing. The VE testified that limiting the neck range of motion would eliminate the job of surveillance system monitor. (R. at 51). Notably, the Commissioner does not contest that Ms. Stone's range of motion in her neck is limited, but argues that the limitation is accounted for. The undersigned cannot agree with that assessment and must therefore recommend that the decision be reversed and remanded for further proceedings.

## III.  Recommended Disposition

The ALJ failed to identify jobs that a person with Ms. Stone's limitation could perform in the light of her reduced range of motion in her neck. For that reason, there is not substantial evidence to support the ALJ's decision. The case should be REVERSED and REMANDED to the Commissioner.

Dated this 20th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE